GRABER, Circuit Judge,
concurring in part and dissenting in part:
I concur in Parts I through IV of the majority opinion and also agree with the majority’s conclusion, in Part V, that the ALJ erred in failing to comment in any way on the lay witness testimony. But I dissent because that error was not harmless.
In my view, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1055-56 (9th Cir.2006), means what it says: When Stout requires our harmless error analysis to proceed by “fully crediting” testimony ignored by the ALJ, we must do exactly that. Id. at 1056 (emphasis added). That rule simply reiterates the standard practice that we, as a reviewing court, do not make independent credibility determinations. When an administrative fact-finder has failed to comment adversely on the credibility of testimony taken under *1123 oath, we generally deem the testimony to be truthful for the purpose of review. Cf. Abovian v. INS, 219 F.3d 972, 978 (9th Cir.), as amended by 228 F.3d 1127, 1127 (9th Cir.2000) (“Where the [immigration judge] makes no credibility finding, the petitioner’s credibility is presumed.”).
Treating ignored testimony as true does not, however, necessarily resolve the issue in favor of remand or payment of benefits and thus does not create a “per se rule of prejudice.” Maj. op. at 1116-17 & n. 8. Rather, we still must decide whether the testimony affected the disability determination. Stout, 454 F.3d at 1056. If the ignored testimony had no bearing on that determination, the error is harmless.
Here, some of the ignored lay testimony related to Molina’s subjective feelings of anxiety, nervousness, and fear. That is, the testimony in part amounted to repetition of Molina’s subjective assessment of her condition to her family members. Crediting those statements means only accepting as true that Molina expressed those feelings to her family members, not necessarily that Molina actually experienced limitations as severely as she claimed. Because the ALJ identified substantial evidence — including medical opinions, Molina’s demeanor, and her daily activities throughout the disability period— that was inconsistent with the level of impairment claimed by Molina, no reasonable ALJ would have reached a different disability determination when fully crediting lay testimony that stood for nothing more than parroting of Molina’s subjective complaints.
But some of the lay testimony contained independent observations of Molina’s behavior, which may well be consistent with her claimed disability. Examples include her reluctance to travel and her inability to sit in a restaurant for the duration of a meal. Additional testimony discussed Molina’s physical symptoms during a panic attack, such as shakiness and sweating. That additional testimony bears on Molina’s claimed impairments and does more than merely echo her own complaints.
It is precisely because these external observations contain details beyond those in Molina’s own testimony that we cannot assume that any reasonable ALJ would discredit them on the same basis that the ALJ in this case discredited Molina’s own testimony. Indeed, this very case presents an answer to the majority’s concerns that my reading of Stout will lead to a remand whenever an ALJ fails to comment on lay witness testimony. When the lay witness testimony is similar or identical to properly discredited testimony (in this case, the testimony parroting Molina’s own complaints), the error ordinarily would be harmless. But when the lay witness testimony contains different or additional material (in this case, the testimony observing Molina’s behavior), the error is less likely to be harmless.
Because I am not convinced that no reasonable ALJ, when crediting that additional testimony, would have reached a different disability determination, Stout, 454 F.3d at 1056, I respectfully dissent from the harmless error analysis. I would remand the case to allow the ALJ, as fact-finder, to consider in the first instance the credibility and import of the lay testimony.